Earl Morris, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs September 12, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

Charles J. Kroboth, Jr., Assistant Public Defender, for petitioner.

Arthur R. Thomas, Assistant Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, November 27, 1985:

Earl Morris (Petitioner) asks for review of the denial of his petition for administrative review and relief by the Pennsylvania Board of Probation and Parole (Board) from the Board's September 14, 1984 order recommitting him as a convicted parole violator to serve his unexpired term of one year, ten months and five days.[1]

On October 3, 1983, the Petitioner was arrested in New Jersey and charged with possession of a handgun[2] and possession of prohibited devices.[3] These charges arose from his having in his possession a tear gas pen gun which was loaded with one live .22 caliber, extra long cartridge loaded with bird shot.[4] The Board lodged a detainer against the Petitioner on November 28, 1983 and he pleaded guilty to the possession of a handgun charge on February 21, 1984. He then was given $300 fine and a sentence of three years in a New Jersey State Prison, but the sentence was suspended with credit for time served. He was then placed on two years' probation concurrent with a federal parole. The charge regarding the possession of the prohibited devices was dismissed.

On August 28, 1984, the Petitioner received a Full Board Revocation Hearing at which he was represented by counsel and after which the Board issued the recommitment order here involved.

---

[1] On March 27, 1982, the Petitioner was paroled from his original sentence of one to five years which had been imposed by the Court of Common Pleas of Montgomery County for a prohibited offensive weapon conviction.

[2] New Jersey Statute 2C:39-5.b.

[3] New Jersey Statute 2C:39-3.e.

[4] At the time of his arrest, the record reveals that the Petitioner also had in his possession several other bullets, specifically: one live .22 caliber hollow tip and two live .22 caliber extra long bullets with bird shot.

Contending that the Board's September 18, 1984 recommitment order should be set aside, the Petitioner argues that the Board erred in computing his backtime by concluding that his New Jersey possession of a handgun conviction was most closely analogous to a violation of the Pennsylvania Uniform Firearms Act[5] (U.F.A.) which carries a presumptive range of eighteen to twenty-four months, 37 Pa. Code §75.2, and that there is no Pennsylvania crime to which the New Jersey conviction can be properly analogized.[6] He argues that his pen gun does not fall within the definition of a "firearm" under the U.F.A.[7] and that the Board did not rely on any of the record evidence relative to the presence of a .22 caliber bullet in the pen gun when he was arrested.

As the Board points out, however, the Petitioner's argument overlooks the effect of the provisions of 37 Pa. Code §75.1(e) in this matter. That section of the Board's regulations provides that

[t]he severity ranking of crimes listed in §75.2 (relating to presumptive ranges) is not intended to be exhaustive, and the most closely related crime category in terms of severity

---

[5] 18 Pa. C. S. §§6101-6121.

[6] The Petitioner argues alternatively that if we conclude that his New Jersey conviction is not analogous to a violation of the U.F.A., but is analogous to some other Pennsylvania offense, it is either possessing instruments of crime, 18 Pa. C. S. §907, or prohibited offensive weapons, 18 Pa. C. S. §908, both of which carry presumptive ranges of 12 to 18 months, 37 Pa. Code §75.2, which is most closely related to the New Jersey conviction. In advancing this alternative theory, of course, the Petitioner does not concede that any Pennsylvania offense can be analogized to his New Jersey conviction. In light of our conclusion with regard to the U.F.A. analogy, we need not consider these alternative arguments.

[7] 18 Pa. C. S. §6102, defines a firearm as "[a]ny pistol or revolver with a barrel less than 12 inches, any shotgun with a barrel less than 24 inches, or any rifle with a barrel less than 15 inches."

and the presumptive range will be followed if the specific crime which resulted in conviction is not contained within the listing.

Clearly, under the interpretation proffered by the Board, this regulation supplies ample authority for the procedure followed by the Board in calculating the Petitioner's backtime. And, inasmuch as an agency's interpretation of its own regulations is entitled to controlling weight unless plainly erroneous or inconsistent with the regulation or statute,[8] and we find no such infirmities here, our scope of review[9] compels our affirmance of the Board's action.

## ORDER

AND Now, this 27th day of November, 1985, the order of the Pennsylvania Board of Probation and Parole, dated November 13, 1984 at Parole No. 1326-M, denying administrative relief is affirmed.

---

[8] *Gundy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 618, 478 A.2d 139 (1984).

[9] Our review is limited to determining whether or not the order of the Board is supported by substantial evidence, is in accordance with law and is observant of the Petitioner's constitutional rights. *Zazo v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984). No constitutional issues are involved here and there is, of course, substantial evidence to support the Board's order here by virtue of the fact of the Petitioner's New Jersey conviction. *Rothman v. Jacobs,* 38 Pa. Commonwealth Ct. 259, 392 A.2d 903 (1978).