507 A.2d 1313

Jay D. Harrington, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs July 29, 1985, before Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, April 25, 1986:

Jay D. Harrington (Petitioner) appeals from an order of the Board of Probation and Parole (Board) recommitting Petitioner as both a technical parole violator and a convicted parole violator based upon his plea of guilty for carrying a concealed weapon. We reverse in part and affirm in part.

Petitioner was paroled from State Correctional Institution, Camp Hill, on June 2, 1983. On December 10, 1983, Petitioner was arrested by the Sparks, Nevada, Police Department on charges of Ex-Felon in Possession of a Firearm, Assault with a Deadly Weapon, and Carrying a Concealed Weapon. On February 16, 1984, Petitioner pled guilty to Carrying a Concealed Weapon, and was sentenced to three weeks imprisonment pending his transfer to Pennsylvania authorities. On November 20, 1984, the Board recommitted Petitioner as a technical parole violator for six months for Possessing a Weapon in Violation of Condition 5b of his parole. The Board also recommitted Petitioner as a convicted parole violator for eighteen months based on his conviction for Carrying a Concealed Weapon.

Petitioner argues that his recommitment as both a technical parole violator and a convicted parole violator based upon his conviction for carrying a concealed weapon, is violative of his constitutional right to due process, and constitutes double jeopardy. Petitioner also argues that the Board erred in recommitting him as a technical parole violator because Section 21.1 of the

Pennsylvania Board of Parole Act[1] gives the Board authority to recommit Petitioner as a technical parole violator only where his parole violation is based on an act which does not constitute "the commission of a new crime."

The Pennsylvania Supreme Court addressed these issues in *Rivenbark v. Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985). The Court held that although recommitment as a technical parole violator and a convicted parole violator when both violations are based on petitioner's conviction is not violative of double jeopardy, the recommitment as a technical parole violator is beyond the scope of authority granted to the Board by the General Assembly. *Rivenbark, Id.* at 255, 501 A.2d at 1113-1114. The Court stated:

> Subsection (b) of Section 21.1 of the Board of Parole Act specifically excludes from recommitment as a technical violator one who has violated the terms and conditions of his parole 'by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendre in a court of record.' This language is clear and free of all ambiguity. The statute unambiguously expresses the legislature's intent that a parolee may not be recommitted as a technical violator based upon an act constituting a new crime of which he is convicted.

*Id.* at 255, 501 A.2d at 1114. Here, as in *Rivenbark,* the Petitioner's recommitment as a technical parole violator, based on his conviction, is beyond the scope of authority of the Board. We therefore reverse the Board's order recommitting Petitioner as a technical parole violator.

---

[1] Act of August 6, 1941, P.L. 861, added by Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a.

While Petitioner's recommitment as a technical parole violator was beyond the scope of the Board's authority, it is undisputed that Petitioner was correctly recommitted as a convicted parole violator. However, Petitioner argues that the Board applied the wrong presumptive range in recommitting him as convicted parole violator. The Board applied a presumptive range of eighteen to twenty-four months which is applicable to violations of the Uniform Firearms Act.[2] Petitioner claims that this was error because the crime for which he was convicted carries a less severe punishment in Nevada than the Pennsylvania crime for which the Board applied the presumptive range.[3]

Board regulations provide:

The *severity ranking of crimes* listed in §75.2 (relating to presumptive ranges) is not intended to be exhaustive, and the most closely related *crime category in terms of severity* and the presumptive range will be followed if the specific crime which resulted in conviction is not contained within the listing.

37 Pa. Code §75.1(e) (emphasis added). The language of the statute is clear. It is the severity of the criminal conduct that determines the presumptive range, not the severity of the punishment. It is true, as petitioner argues, that the severity of the criminal conduct must be determined by reference to the punishment prescribed for that conduct by the legislature. Petitioner

---

[2] 18 Pa. C. S. §§6101-6120.

[3] In Nevada, carrying a concealed weapon is considered a gross misdemeanor and carries a punishment of a fine of not more than two thousand dollars or not more that one year in the county jail. *See* Nev. Rev. Stat. §§193.210, 202.360(1)(b)(3). In Pennsylvania, any violation of the Uniform Firearms Act is considered a misdemeanor of the first degree which carries a punishment of a maximum of five years imprisonment. *See* 18 Pa. C. S. §§6119, 106.

then asserts, however, that because the Nevada legislature regards the crime of carrying a concealed weapon as less severe than the corresponding Pennsylvania crime, the Board is required to apply a lesser presumptive range.

The error in Petitioner's argument is that the Board and the courts of Pennsylvania are bound by the Pennsylvania legislature's determination of severity, not by the determination made by the jurisdiction where the crime was committed. Thus, in selecting the proper presumptive range for recommitment of a convicted parole violator, the Board must look to the conduct for which the parolee was convicted, determine what crime that conduct would constitute if it occurred in Pennsylvania, and apply the presumptive range for the Pennsylvania crime. This is precisely what the Board did in the case at bar and therefore, we affirm the Board's recommitment of Petitioner as a convicted parole violator for eighteen months.

Accordingly, we vacate the Board's order and remand the case for proceedings consistent with this opinion.

## ORDER

AND NOW, April 25, 1986, the order of the Board of Probation and Parole, at 9339-J, is vacated and the case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.