556 A.2d 542

Don M. Simpson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 25, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, April 3, 1989:

Petitioner, Donald M. Simpson, appeals from a denial of a request for reconsideration by the Pennsylvania

Board of Probation and Parole (Board). The Board is affirmed.

Petitioner was paroled on June 3, 1984 from two concurrent sentences of four to fifteen years and one to ten years imposed as a result of his convictions for burglary, theft and receiving stolen property to a plan in Florida under the Uniform Compact for Out-of-State Parolee Supervision.[1] While on parole, Petitioner was arrested in Myrtle Beach, South Carolina and charged with assault with a deadly weapon (vehicle) and failure to stop for a blue light/siren. Petitioner pleaded guilty to his failure to stop for a blue light/siren and the assault charge was subsequently nolle prossed. He was sentenced on December 11, 1987 to a one-year prison term which was suspended to one-year probation to terminate upon his return to Pennsylvania.

Upon Petitioner's return to Pennsylvania on December 22, 1987, a violation hearing was conducted at which time he received six months as a technical parole violator. Petitioner filed a request for administrative relief which was denied. Petitioner did not timely appeal from the denial of administrative relief; however, Petitioner did file a timely appeal from the Board's July 1, 1988 order denying reconsideration of the administrative appeal. This Court will therefore only consider the merits of the July 1, 1988 order. *See Keith v. Department of Public Welfare*, 121 Pa. Commonwealth Ct. 405, 551 A.2d 333 (1988).[2]

Petitioner claims that the Board erred in determining that the Pennsylvania offense of resisting arrest is the offense most analogous to the South Carolina offense for failure to stop for a blue light/siren. Petitioner claims

---

[1] Act of July 20, 1968, P.L. 441, *as amended*, 61 P.S. §§321-323.

[2] This Court's scope of review is limited to determining whether the Board abused its discretion in denying reconsideration. *Keith.*

instead that the Pennsylvania Vehicle Code prohibition against fleeing or attempting to elude a police officer, Section 3733 of the Pennsylvania Vehicle Code, 75 Pa. C. S. §3733, is more closely related to the South Carolina offense. Specifically, Petitioner objects to the Board's order, which in response to Petitioner's claim, stated that the sentence received by Petitioner in South Carolina was much more severe than the summary conviction and $200.00 fine that Petitioner would receive if he were found guilty of the Pennsylvania Vehicle Code prohibition. According to Petitioner, the Board's decision is in direct contravention to this Court's holding in *Harrington v. Pennsylvania Board of Probation and Parole*, 96 Pa. Commonwealth Ct. 556, 507 A.2d 1313 (1986) wherein it was determined that the Board must look to the conduct for which the parolee is convicted rather than the severity of the punishment.

A listing of offenses for which a parolee may be convicted and the assignment of a presumptive range of recommitment time in terms of months for each offense is set forth at 37 Pa. Code §75.2. This listing, however, is not exhaustive, and in those cases where a parolee is convicted of an offense not listed, then the presumptive range of the offense most closely related in terms of severity is used. *Morris v. Pennsylvania Board of Probation and Parole*, 93 Pa. Commonwealth Ct. 218, 500 A.2d 1286 (1985). The Pennsylvania offense of fleeing or attempting to elude a police officer, 75 Pa. C. S. §3733, is most closely related to the South Carolina offense for which Petitioner was convicted as he correctly points out; however, that offense is not listed in 37 Pa. Code §75.2. The offense of resisting arrest, however, is included, and, according to the facts as found by the Board, is the offense most closely related to fleeing or attempting to elude a police officer or for failing to stop for a blue light/siren.

The offense of resisting arrest is defined as one where the defendant's escape exposes the pursuing officer to a substantial risk of bodily injury. Section 5104 for the Crimes Code, 18 Pa. C. S. §5104. Petitioner was also charged with assault by a deadly weapon, vehicle. The record discloses that when Petitioner's car was pulled over by the police officer, Petitioner sped away and almost ran over the police officer with Petitioner's vehicle. Thus, the offense of resisting arrest is analogous to Petitioner's South Carolina conviction, and the Board's actions are, therefore, consistent with the dictates of *Harrington*. The Board therefore did not abuse its discretion in denying the requested reconsideration.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 3rd day of April, 1989, the order of the Pennsylvania Board of Probation and Parole is af-firmed.