**LICENSED BEVERAGE ASSOCIATION OF PHILADELPHIA, FJB Enterprises, Inc., H & J McNally's Tavern, Inc., George Minnich, Joanne Niedosik and Joyce DePasquale, Appellants,**

v.

**BOARD OF EDUCATION OF the SCHOOL DISTRICT OF PHILADELPHIA and City of Philadelphia Law Department.**

Commonwealth Court of Pennsylvania.

Argued June 10, 1996.

Decided July 10, 1996.

Robert M. Berger, for Appellants.

Richard Feder, Deputy City Solicitor, for Appellees.

Before DOYLE and FLAHERTY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Licensed Beverage Association of Philadelphia, FJB Enterprises, Inc., H & J McNally's Tavern, Inc., Paul Cavanaugh, Joanne Niedosik, and Joyce DiPasquale (collectively, Plaintiffs) appeal from the July 13, 1995 order of the Court of Common Pleas of Philadelphia County which denied Plaintiffs' request for an order against the Board of Education of the School District of Philadelphia (School Board) and the City of Philadelphia (City) to restrain them from levying, collecting, or otherwise enforcing the Across-the-Bar Tax after June 30, 1995. We affirm.

In June 1994, City Council approved Bill No. 447 adding Section 19–1805 to Chapter 19–1800 of the Philadelphia Code, which became effective January 1, 1995. Section 19–1805(2) provides:

> The Board of Education of the School District of Philadelphia is authorized to impose a tax for general public school purposes upon sales at retail in the District of liquor and malt and brewed beverages which are sold or dispensed during Tax Year 1994, or any part thereof, and for each tax year thereafter, by any hotel, restaurant, or club, or other person licensed by the Commonwealth of Pennsylvania to sell or dispense liquor or malt or brewed beverages. The rate of the tax to be fixed by the Board of Education for Tax Year 1993, and for each tax year thereafter, shall be levied at the rate of ten percent (10%) of the sale price.

### Issues

The issues as presented by Plaintiffs are: 1) whether City Council is required to annually review the School Board's budget and request for authorization to levy taxes to fund that budget and therefore annually vote to grant such authorization; 2) whether it is invalid for City Council to grant ongoing authority for the School Board to levy a tax from year to year without first reviewing the School Board's budget and request for authorization to levy such tax; 3) whether the School Board's authority to levy the Across-the-Bar tax expired on June 30, 1995; and 4) whether City Council's failure to vote on and pass a renewal of the Across-the-Bar tax by June 30, 1995 renders any such tax levied after that date null and void.

### Background

Plaintiff Licensed Beverage Association of Philadelphia (LBA) is an incorporated association of tavern owners protecting and promoting the interests of its constituent members in Philadelphia. Plaintiff FJB Enterprises, Inc. is a Pennsylvania corporation which owns and operates Byrne's Tavern, a bar and restaurant business in Philadelphia. Plaintiff H & J McNally's Tavern, Inc., is a Pennsylvania corporation which owns and operates McNally's Tavern, a bar and restaurant business in Philadelphia. Both corporations are members of the LBA. Plaintiff George Minnich, Joanne Niedosik and Joyce DiPasquale are all residents and taxpayers of the City of Philadelphia and in addition, Plaintiffs Niedosik and DiPasquale are employees of Byrne's Tavern.

In June 1994, City Council enacted an ordinance, known as the Across-the-Bar Tax, which imposed a 10% tax on the retail sale of liquor, malt and brewed beverages. The purpose of this ordinance was to grant authority to the School Board to help fund its annual operating budget. City Council has also authorized the School Board to fund its budget by levying the real estate tax,[1] the use and occupancy tax,[2] and the School District income tax,[3] for approximately the last few years.

Plaintiffs initially filed a complaint in equity against the School Board and the City seeking a declaratory judgment that the School Board's authority to impose the liquor tax ended on June 30, 1995 when City Coun-

---

1. Phila.Code § 19–1801(1).

2. Phila.Code § 19–1806.

3. Phila.Code § 19–1804(a.25).

cil failed to vote on and pass a renewal of the Across–the–Bar Tax. Plaintiffs also sought a restraining order seeking to prevent the City from levying, collecting, or otherwise enforcing this tax after June 30, 1995.

██ After oral argument, the Honorable Joseph D. O'Keefe of the Court of Common Pleas of Philadelphia County on July 12, 1995, issued an order the following day denying the Plaintiffs' motion. Plaintiffs have now appealed to this Court.[4]

### Previous Litigation

A number of questions involving the School Board's previous year's Across–the–Bar Tax have been previously addressed by a panel of this Court. We will not discuss them further here, although we believe it warrants a brief recitation of the relevant issues resolved therein. In *Licensed Beverage Association v. Board of Education of the School District of Philadelphia,* 669 A.2d 447 (Pa.Cmwlth. 1995), the Plaintiffs challenged the validity of the ordinance on the grounds that the enabling legislation, Section 4 of the First Class School District Liquor Sales Tax Act of 1971, Act of June 10, 1971, P.L. 154, 53 P.S. § 16134, was not legal authorization for the tax either because the authorization was only for a limited period of time during a then-financial crisis of the School District and the authorization has since lapsed from the City's failure to use the act for 23 years; or because the act was repealed by implication due to subsequent grants of taxing authority to the City. In affirming the trial court's denial of an injunction, this Court held that: 1) the enabling act did not have a time limitation and the act did not lapse by the City's failure to use it for 23 years; 2) the enabling act was not repealed by implication by statutes regulating liquor licensing fees, discounts for purchases from liquor wholesalers or the state tax on purchases from wholesalers as those statutes did not cover the subject matter of the enabling act and did not reveal any intention of replacing the enabling act; and 3) the enabling act was not preempted by the Com-

monwealth's regulation of the liquor industry.

### Discussion

In this their second challenge to the Across–the–Bar Tax, Plaintiffs argue that City Council must annually authorize the School Board to levy all taxes which the School Board annually requests authorization for in its operating budget. Plaintiffs cite both statutory authority and past custom and practice of City Council to support their argument.

Specifically, Plaintiffs assert that:
1) Section 652 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 6–652, requires the School Board to levy taxes for the following fiscal year *on an annual basis;*
2) Section 12–303(a) of the Educational Supplement to the Philadelphia Home Rule Charter (hereinafter, Charter), 351 Pa.Code § 12.12–303(a), requires the School Board to adopt an operating budget for the next fiscal year at least 30 days before the end of the fiscal year;
3) Section 12–303(b) of the Charter, 351 Pa.Code § 12.12–303(b), requires the School Board to make *an annual request* to the Mayor and City Council *for authority* to levy taxes necessary to fund its budget for the next fiscal year; and
4) Section 12–305 of the Charter, 351 Pa. Code § 12.12–305, requires the School Board to *levy taxes annually* within such time limits and upon such subjects as the General Assembly or City Council may from time to time prescribe in amounts sufficient to fund the budget for the next fiscal year.

Plaintiffs argue that it has been City Council's practice in the past to renew authorization for the School Board to fund its budget by levying the real estate tax, the use and occupancy tax, and the School District income tax. Specifically, even though the 1989 ordinance allowing the School Board to levy the real estate tax contains the language

---

4. Our scope of review is limited and we will not disturb a decree unless it is not supported by the evidence or is demonstrably capricious. *Tredyffrin–Easttown School District v. Valley Forge Mu-*

*sic Fair, Inc.,* 156 Pa.Cmwlth. 178, 627 A.2d 814, *petition for allowance of appeal denied,* 538 Pa. 638, 647 A.2d 513 (1993).

"and thereafter," City Council has nevertheless continuously renewed the authorization for this tax each year when the School Board presents its operating budget. According to Plaintiffs, City Council's failure to renew the grant of authority to levy the Across–the–Bar Tax by June 30, 1995, effectively ended the School Board's authority to levy the tax after that date.

Second, Plaintiffs argue that City Council's grant of ongoing authority to the School Board to levy the Across–the–Bar Tax amounts to taxation without representation because the School Board is not an elected body but one that is appointed by the Mayor.[5] Therefore, Plaintiffs assert, because the power to levy taxes may not be delegated to any special commission, private corporation or association, as reflected in Article III, Section 31 of the Pennsylvania Constitution, City Council may not delegate the power to levy taxes to the School Board.

Third, Plaintiffs argue that this ongoing authority to levy the liquor tax places an unlawful burden on taxpayers who oppose the tax because although it is doubtful that the present members of City Council would vote to renew the ordinance, it would take a two-thirds majority or 12 votes to override a mayoral veto and rescind the authorization. Plaintiffs argue that this gives the City Administration an unfair advantage contrary to the principle reiterated in *Commonwealth v. Willson Products, Inc.*, 412 Pa. 78, 83, 194 A.2d 162, 165 (1963), that tax statutes must be construed strictly against the government and any doubt resolved in favor of the taxpayer.

Fourth, Plaintiffs argue that even though the ordinance contains the language "and for each tax year thereafter," neither the public nor the elected officials (City Council) who voted on the ordinance were aware of the ongoing authorization contemplated in the ordinance. Plaintiffs assert that because this liquor tax was a hotly debated issue before

City Council which ultimately passed on a slim 9 to 8 vote, the proponents of the tax, fearing that any future attempts to "muster the votes necessary to authorize the subject tax" would fail, deliberately avoided giving subsequent members of City Council a chance to review this tax as part of the School Board's annual budget request by failing to include it in the authorization ordinance voted on by City Council.[6]

Finally, Plaintiffs argue that City Council *must* carefully study and review the School Board's budget requirements each year; thereafter, *only if* the taxes required to fund that budget are appropriate and necessary, may City Council authorize the School Board to levy those taxes. Plaintiffs contend that their position is supported by the Pennsylvania Supreme Court's decision in *Appeal of School District of City of Allentown*, 370 Pa. 161, 167, 87 A.2d 480, 483 (1952), in which the Supreme Court noted that:

> The Act of March 10, 1949, known as the Public School Code, requires that all school taxes be assessed during the month of April or May of each year for the ensuing fiscal year; and under this act it is evident that any tax imposed by a school district (whether stated to be an annual tax or not) cannot be a recurring tax nor a tax for longer than the ensuing fiscal year, since it must be reviewed annually by the School Directors and may be assessed only if warranted by their budget requirements for the ensuing fiscal year.[7]

We disagree with Plaintiffs' position and for the following reasons, affirm the order and opinion of the Honorable Joseph D. O'Keefe.

■ The flaw in Plaintiffs' argument is that it depends on acceptance of a false syllogism: the School Board must levy taxes annually; City Council must authorize the School Board's levying of taxes; therefore, City Council must annually authorize the

---

5. *See* 351 Pa.Code § 12.12–201.

6. Plaintiffs' argument is speculative. Other than their bald assertions, there is no evidence or law to support their contentions; therefore this Court will not address them further.

7. This case says nothing more than what Plaintiffs are asserting, that the Public School Code of 1949 requires the School Board to levy taxes annually. 24 P.S. § 6–652. This case says nothing about the municipality's method of granting authorization for the Board to levy the taxes.

School Board's levying of all taxes. While it is the law that the School Board levy taxes annually, Section 652 of the Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 6–652, and it is also the law that as an appointed body, the School Board cannot directly levy taxes and must be authorized to do so by the legislative body, (i.e. City Council and the General Assembly, Article III, Section 31 of the Pennsylvania Constitution; see also 351 Pa.Code § 12.12–305), it does not follow that City Council must annually renew its authorization, and, in fact, there is no statutory requirement preventing either City Council or the General Assembly from granting *ongoing* authority to levy a tax.

In fact, both the General Assembly and City Council have authorized specific taxes on a continuing basis. The General Assembly has granted continuing authorization for the sales tax, Section 202 of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7202; the bank shares tax, Section 701 of the Tax Reform Code of 1971, 72 P.S. § 7701; the realty transfer tax, Section 1102–C of the Tax Reform Code of 1971, *added by* the Act of May 5, 1981, P.L. 36, *as amended,* 72 P.S. § 8102–C; and significantly, School District real estate taxes, Section 1 of the Act of May 23, 1949, P.L. 1661, *as amended,* 24 P.S. § 583.1; Section 1 of the Act of July 8, 1957, 24 P.S. § 583.6; Section 1 of the Act of November 19, 1959, P.L. 1552, 24 P.S. § 583.10; and Section 1 of the Act of August 8, 1963, P.L. 592, *as amended,* 24 P.S. § 583.14. City Council has also granted continuing authorization for the business privilege tax, Phila. Code § 19–2604(2)(d); the hotel room rental tax, § 19–2402(1); the City wage tax, § 19–1502(1); and the realty transfer tax, § 19–1403(1).[8]

Moreover, as the City argues in its brief, the Charter itself envisions a scheme of continuing authorization by both the General Assembly and City Council. Section 305 of the Charter states:

> The Board of Education shall levy taxes annually within such limits and upon such subjects as the *General Assembly of the*

> *Commonwealth or the Council of the City may from time to time prescribe ....*

351 Pa.Code § 12.12–305 (Emphasis added).

The sections of the Charter cited by Plaintiffs are directed to the action of the School Board and require that the School Board present its annual operating budget to City Council and request authorization to levy the School District taxes. These sections say nothing about how City Council must review the budget or whether it has to renew its authorization on an annual basis, where such authorization is already granted in the taxing ordinance passed by City Council. Obviously, City Council must review the budget annually, but it is not without the power to rescind authorization for a particular School District tax, if it feels such tax is not needed to fund the budget as presented by the School Board. Plaintiffs' argument that the continuous authorization places an onerous burden on opponents such as themselves to get City Council to repeal the tax thereby rescinding authorization to impose the liquor tax, is no more onerous a burden than that placed on any opponents of the previously mentioned continuing authorization taxing statutes enacted by the General Assembly and City Council.

■ Accordingly, we conclude that the Across–the–Bar Tax is a valid and enforceable ordinance granting the School Board continuing authority to levy the tax which authority does not need to be renewed by vote of City Council on an annual basis and that the ordinance did not expire after June 30, 1995. We therefore affirm the July 13, 1995 order of the Court of Common Pleas denying Plaintiffs' request for a restraining order against the School Board and the City.

### ORDER

**AND NOW,** this 10th day of July, 1996, the order of the Court of Common Pleas of Philadelphia County, dated July 13, 1995, at July Term 1995, No. 817 is hereby affirmed.

---

8. All citations are to the 7th ed.1995 of the Philadelphia Code.