IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Julian Crosby, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1237 C.D. 2020 |
| | : | Submitted: April 16, 2021 |
| Pennsylvania Parole Board, | : | |
| | : | |
| Respondent | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: August 18, 2021


Julian Crosby (Crosby) petitions for review of an order of the Pennsylvania Parole Board (Board), which denied his administrative appeal of the Board's November 30, 2018 decision that recommitted him as a convicted parole violator (CPV) to serve 60 months of backtime and denied him credit for the time that he spent at liberty on parole. Crosby contends that the Board erred and/or abused its discretion by imposing a period of backtime that exceeds the presumptive ranges for the alleged offenses and failing to award credit for the time that he spent at liberty on parole. For the following reasons, we affirm the Board.

On February 1, 2011, Crosby pleaded guilty to the manufacture, sale, or delivery, or possession with intent to manufacture, sell, or deliver, a controlled substance and was sentenced by the Clinton County Court of Common Pleas (trial court) to 2 to 10 years of imprisonment in a state correctional institution (SCI),

followed by 5 years of probation.  Certified Record (C.R.) at 1-2.  At the same time, he also pleaded guilty to criminal use of a communications facility and received an underlapping concurrent sentence of one to five years' imprisonment.  *Id.*  At the time of sentencing, his maximum sentence date was July 28, 2020.  *Id.*

Crosby was paroled on July 30, 2012.  C.R. at 7.  On October 2, 2017, Crosby was arrested by the Lock Haven City Police Department on the first of two sets of criminal offenses.[1]  *Id.* at 11-15.  Specifically, he was arrested for possession with intent to deliver a controlled substance (heroin), possession of a controlled substance (heroin), possession of drug paraphernalia, and public drunkenness.  *Id.* The Board issued a detainer warrant the same day.  *Id*. at 16.  On October 4, 2017, Crosby waived his rights to counsel and a detention hearing.  *Id*. at 18.  By decision recorded on November 20, 2017, the Board detained Crosby pending disposition of the new criminal charges for which he was arrested on October 2, 2017.  *Id*. at 31. Crosby did not post bail on the new criminal charges, and he remained confined at the Clinton County Correctional Facility.  *Id*. at 19.

On October 26, 2017, Crosby was charged by the Lock Haven City Police Department with the second set of criminal offenses stemming from an incident that occurred on September 1, 2017.[2]  C.R. at 22-27.  Specifically, Crosby was charged with delivery of a controlled substance, criminal conspiracy/delivery of a controlled substance, possession with intent to deliver a controlled substance,

---

[1] The first set of offenses are those appearing on the Police Criminal Complaint from Clinton County identified as Docket Number "CR-372-17."  Certified Record (C.R.) at 11-15. These offenses were docketed in the Court of Common Pleas of Clinton County (trial court) at No. 517-2017.  C.R. at 32-33.

[2] The second set of offenses are those appearing on the Police Criminal Complaint from Clinton County identified as Docket Number "CR-399-17."  C.R. at 22-27.  These offenses were docketed in the trial court at No. 30-2018, or CP-18-CR-0000030-2018.  *Id.* at 34-36, 70.

criminal use of a communication facility, and possession of a controlled substance. *Id.* Monetary bail in the amount of $50,000 was set on October 26, 2017, which Crosby did not post. *Id.* at 71.

Regarding the first set of offenses, on April 5, 2018, Crosby pleaded guilty in the trial court to possession of a controlled substance and possession of drug paraphernalia, and sentencing was scheduled for May 14, 2018. C.R. at 32-33. Prior to sentencing, on April 29, 2018, the Board issued a notice of charges and hearing to Crosby based on his new convictions. *Id.* at 40. Crosby waived his rights to counsel and a revocation hearing, and admitted to his new criminal convictions. *Id*. at 41-42. By decision mailed on July 23, 2018 (recorded on July 12, 2018), the Board recommitted Crosby as a CPV to serve six months of backtime, when available, pending resolution of the outstanding criminal charges against him relating to the second set of criminal offenses. *Id*. at 51-52.

Regarding the second set of offenses, on August 20, 2018, Crosby pleaded guilty to conspiracy – delivery of a controlled substance (heroin) (count 2), an ungraded felony; criminal use of a communication facility (count 5), a third-degree felony; and possession of heroin (count 6), an ungraded misdemeanor, and he was found not guilty on the other charges. C.R. at 34-36, 72. The trial court sentenced Crosby to an aggregate sentence of 45 to 96 months' imprisonment in an SCI. *Id.* at 34-36. Specifically, he was sentenced to 27 to 60 months in an SCI on count 2, which sentence was to run consecutive with any sentence Crosby was currently serving;[3] and 18 to 36 months in an SCI on count 5, which sentence was to run consecutive to the sentence imposed on count 2 and any sentence Crosby was currently serving. *Id.* at 34-35. Crosby was also sentenced to 6 to 12 months in an

---

[3] The trial court also awarded Crosby credit for all time he spent in custody on the matter. *See* C.R. at 35.

SCI on count 6, which sentence was to run concurrent with the sentences imposed on counts 2 and 5 and any other sentence Crosby was currently serving. *Id.* at 35-36.

The Board issued another notice of charges and hearing to Crosby on November 5, 2018, based on his new criminal convictions. C.R. at 57. Crosby then waived his rights to counsel and a revocation hearing, and admitted to his new criminal convictions. *Id.* at 58-59. By decision mailed on November 30, 2018 (recorded on November 28, 2018), the Board referred to its July 12, 2018 decision recommitting Crosby as a CPV and recommitted Crosby as a CPV to serve 60 months of backtime concurrent to the previously ordered 6 months of backtime. *Id.* at 89-90. In its discretion, the Board did not award credit for the time that Crosby spent at liberty on parole due to his prior history of supervision failures. *Id.* at 90. The Board also recalculated Crosby's maximum sentence date as August 17, 2026. *Id.* at 87, 89.

Crosby filed a *pro se* administrative remedies form, which the Board received on December 20, 2018, asserting that the Board abused its discretion in failing to award him credit for the time that he spent at liberty on parole where he met the criteria of Section 6138(a)(2.1) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2.1). C.R. at 91. Crosby also asserted that the recommitment term of 60 months was excessive and not within the presumptive range for a CPV. *Id.*

By response mailed on October 23, 2020, the Board denied Crosby's administrative appeal and affirmed its November 30, 2018 decision. C.R. at 99-100. In doing so, the Board first explained that the 60-month recommitment term was based on the presumptive ranges for the offenses for which he was convicted as

4

outlined in Sections 75.1 and 75.2 of the Board's regulations, found at 37 Pa. Code §§75.1-75.2. *Id*. at 99. Adding the terms together gave the Board a maximum term of 60 months, which it explained is within the maximum range permitted under its regulations and, therefore, is not subject to challenge. *Id*. Next, the Board explained that it acted within its discretion in denying credit for the time that he spent at liberty on parole and that it provided legally sufficient reasons for that decision, *i.e.*, that Crosby had a prior history of supervision failures. *Id*. The Board thus affirmed its November 30, 2018 decision.

Crosby, with the assistance of counsel, filed the instant petition for review of the Board's October 23, 2020 decision,[4] alleging first that the Board erred in denying administrative relief because the imposition of 60 months' backtime "was arbitrary and excessive and exceed[ed] the presumptive range for the alleged offenses." Petition for Review at 1-2, ¶7(a). Crosby also alleges that the Board erred in its recalculation of his maximum date because it set "a maximum date substantially beyond the time period which [Crosby] can be required to serve on the underlying sentence." *Id.* at 2, ¶7(b). In this regard, Crosby claims that the Board failed to properly credit the time that he served solely on the Board's detainer. *Id.* Crosby also appears to argue that the Board erred in recalculating his maximum date because "the Board failed to comply with the laws of Pennsylvania in certain procedures relating to the order in which [Crosby] served his sentences, and improperly caus[ed] [Crosby] to serve consecutive time." *Id.* at 2, ¶7(c).

---

[4] Our scope of review of a Board's recommittal order is limited to determining whether necessary findings were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Johnson v. Pennsylvania Board of Probation & Parole*, 706 A.2d 903, 904 (Pa. Cmwlth. 1998).

We first address Crosby's argument that the Board imposed a period of backtime that exceeds the presumptive ranges for the alleged offenses. The Board's regulations provide a set of presumptive ranges of recommitment terms for CPVs. 37 Pa. Code §§75.1, 75.2. Here, Crosby was convicted of conspiracy – delivery of a controlled substance (heroin) (count 2), an ungraded felony; criminal use of a communication facility (count 5), a third-degree felony; and possession of heroin (count 6), an ungraded misdemeanor. C.R. at 34-36, 72. Section 75.2 of the Board's regulations provides that the presumptive range for conspiracy relates to the specific crime, which here is the manufacture, sale, or delivery, or possession with intent to manufacture, sell, or deliver, a controlled substance, which is punishable by a maximum of 15 years of imprisonment and, thus, carries with it a presumptive range of 24 to 36 months. *See* Section 13(a)(30), (f)(1) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), 35 P.S. § 780-113(a)(30), (f)(1);[5] *see also* 37 Pa. Code §75.2. The presumptive range for criminal use of a communication facility, a third-degree felony, is 6 to 12 months.[6] The presumptive range for possession of a controlled substance, an ungraded misdemeanor punishable by a

---

[5] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(30), (f)(1).

[6] We note that "criminal use of a communication facility" is not listed in Section 75.2 of the Board's regulation establishing presumptive ranges. The list is not exhaustive, however, and where an offense is not listed, the Board uses the presumptive range for a listed offense of similar severity. *Simpson v. Pennsylvania Board of Probation & Parole*, 556 A.2d 542, 543 (Pa. Cmwlth. 1989). Criminal use of a communication facility, which is codified as an offense at Section 7512 of the Crimes Code, 18 Pa. C.S. §7512, is a third-degree felony. Similar third-degree felonies, such as criminal mischief, criminal trespass, and theft, carry presumptive ranges of 6 to 12 months. 37 Pa. Code §75.2. We have affirmed Board decisions setting forth that presumptive range for this offense. *See Harvey v. Pennsylvania Board of Probation & Parole* (Pa. Cmwlth., No. 1375 C.D. 2017, filed Sept. 7, 2018), slip op. at 12; *Love v. Pennsylvania Board of Probation & Parole* (Pa. Cmwlth., No. 149 C.D. 2015, filed Dec. 3, 2015), slip op. at 5. Accordingly, we agree with the Board that the appropriate presumptive range for this offense is 6 to 12 months.

maximum of 3 years of imprisonment, is 6 to 12 months.[7] *See* Section 13(a)(16), (b) of the Drug Act, 35 P.S. §780-113(a)(16), (b); *see also* 37 Pa. Code §75.2. Adding the maximum ranges for the 3 offenses together, the Board had the discretion to recommit Crosby for a maximum of 60 months. We therefore decline to disturb the Board's exercise of discretion with respect to the length of backtime imposed. *See Smith v. Pennsylvania Board of Probation & Parole*, 574 A.2d 558, 560 (Pa. 1990) ("As long as the period of recommitment is within the presumptive range for the violation," this Court "will not entertain challenges to the propriety of the term of recommitment.").

We next address Crosby's argument that the Board abused its discretion by not awarding him credit for the time that he spent at liberty on parole. In his brief, Crosby argues that the Board erred because it failed to "provide a contemporaneous statement explaining its reason for denying credit," as required under *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). Crosby concedes that "[t]he Board referenced several reasons to support [its] decision," but then asserts that the Board "fail[ed] to consider any positive or mitigating factors in the instance [sic] case." Crosby's Brief at 19. The Board responds that Crosby has abandoned any argument that the Board's stated reasons for denying credit in this case do not comport with *Pittman*, Board's Brief at 9, but then proceeds to address the issue, arguing that its stated reasons are more than

---

[7] Although possession of a controlled substance, a misdemeanor, is ordinarily punishable by a maximum of one year of imprisonment, and thus would carry with it a presumptive range of three to six months under Section 75.2 of the Board's regulations, here, Crosby has previously been convicted of Drug Act violations. *See* Section 13(a)(16), (b) of the Drug Act, 35 P.S. §780-113(a)(16), (b); 37 Pa. Code §75.2. As such, the offense is punishable by a maximum of 3 years of imprisonment in Crosby's case and carries with it a 6- to 12-month presumptive range under Section 75.2 of the Board's regulations. 37 Pa. Code §75.2.

sufficient under *Pittman*, Board's Brief at 10. We conclude that Crosby has not properly preserved his *Pittman* challenge.

It is well settled that issues not raised by a CPV before the Board in an administrative appeal are waived for purposes of appellate review. *McCaskill v. Pennsylvania Board of Probation & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993). In his administrative appeal of the Board's November 30, 2018 decision, Crosby argued only that the Board abused its discretion in imposing a period of backtime that exceeds the presumptive ranges for the alleged offenses, and erred by failing to award credit for the time that he spent at liberty on parole because Crosby met the criteria of Section 6138(a)(2.1) of the Parole Code, 61 Pa. C.S. §6138(a)(2.1) (providing the Board discretion to award credit to a CPV, unless any of the two exceptions apply). Crosby did not argue that the Board's stated reasons were insufficient under *Pittman*. As such, Crosby did not preserve his challenge to the Board's stated reasons under *Pittman*, and, consequently, that issue is waived for purposes of his appeal to this Court. We, therefore, will not address the issue further.[8]

We will, however, address Crosby's claim, which he clearly raised in his administrative appeal to the Board and which he alludes to in his brief to this Court, that the Board erred by not awarding him credit for the time that he spent at

---

[8] Even if the issue was not waived, Crosby's argument fails. We have previously held that "prior history of supervision failures" is a sufficient reason for denying credit under *Pittman*. *See Plummer v. Pennsylvania Board of Probation & Parole*, 216 A.3d 1207, 1212-13 (Pa. Cmwlth. 2019). We also note that the Board's stated reason is amply supported by the record in this matter, which reflects Crosby's lengthy history of supervision failures. *See* C.R. at 46 (noting Crosby's continued drug-related arrests while under the Board's supervision); *id.* at 50 (noting that Crosby continues to violate drug laws); *id.* at 61 (noting Crosby's overall adjustment under supervision was poor); *id.* at 66 (noting that Crosby "is a career criminal and career drug dealer" and had "[t]hree [Department of Corrections (]DOC[)] #s and 21 previous Board Actions"); and *id.* at 68-69 (DOC moves report dating back to 1989).

liberty on parole because he met the criteria in Section 6138(a)(2.1) of the Parole Code. It appears that Crosby thinks he is eligible to receive credit for his time at liberty on parole because the crimes for which he was convicted are not crimes of violence and do not require him to register as a sex offender, and further because the Board failed to consider mitigating factors related to his convictions in determining the amount of backtime owed. We note, however, that Section 6138(a)(2.1) does not give Crosby the right to receive credit for time spent at liberty on parole. Rather, Section 6138(a)(2.1) gives the Board complete discretion, as Crosby acknowledges in his brief, *see* Crosby's Brief at 18, to award a CPV credit for time spent at liberty on parole unless the CPV committed a crime of violence or a crime requiring sex offender registration, in which case, the Board is given no discretion and must take away the CPV's time spent at liberty on parole. Upon his recommitment as a CPV, Crosby was required to serve the remainder of the term that he would have been compelled to serve had he not been granted parole, with no credit for time spent at liberty on parole, unless the Board, in the exercise of its sole discretion, chose to award credit. Section 6138(a)(2), (2.1) of the Parole Code, 61 Pa. C.S. §6138(a)(2), (2.1). Because Crosby did not commit a crime of violence or a crime requiring sex offender registration, the Board was therefore empowered to exercise its discretion under Section 6138(a)(2.1) and determine whether to grant Crosby credit for the time that he spent at liberty on parole. The Board chose not to do so in this case. For these reasons, we reject Crosby's claim that the Board erred or abused its discretion in denying him credit for the time that he spent at liberty on parole.

Finally, Crosby argues that the Board erred in recalculating his maximum sentence date because the Board failed to properly credit him with the time he served solely on the Board's detainer and also failed to comply with the laws

of Pennsylvania relating to the order in which he served his sentences. Crosby's Brief at 21-22. We are unable to address these issues, however, because Crosby did not raise them in his administrative appeal to the Board and cannot do so now for the first time on appeal. *See McCaskill*, 631 A.2d at 1094-95. These issues are, therefore, also waived.

Accordingly, the Board's order is affirmed.

                                             _____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Julian Crosby,                          :
                                        :
                    Petitioner          :
                                        :
        v.                              :   No. 1237 C.D. 2020
                                        :
Pennsylvania Parole Board,              :
                                        :
                    Respondent          :

# **O R D E R**

AND NOW, this 18th day of August, 2021, the order of the Pennsylvania Parole Board, dated October 23, 2020, is hereby AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge