Masoud BAHAR, Petitioner,

v.

John ASHCROFT, Attorney General of the United States, Immigration and Naturalization Service, Respondents.

No. 99–15193.

United States Court of Appeals, Eleventh Circuit.

Sept. 10, 2001.

Socheat Chea, Atlanta, GA, for Petitioner.

Gretchen M. Wolfinger, David V. Bernal, Nelda C. Reyna, Joan E. Smiley, Dept. of Justice, Office of Immigration Litigation, Washington, DC, for Respondents.

Before EDMONDSON, HILL and GIBSON*, Circuit Judges.

PER CURIAM:

Masoud Bahar petitions for review of the Board of Immigration Appeal's (the "Board") affirmance of an immigration judge's final order to remove Bahar from the United States. The Immigration and Naturalization Service (the "INS") has moved to dismiss Bahar's petition for lack of jurisdiction. We conclude that we lack jurisdiction and, therefore, dismiss Bahar's petition.

Bahar is a native and citizen of Iran. He was admitted as a visitor to the United States in August 1987. When he failed to depart the United States, he was placed in deportation proceedings. Bahar applied for, and was granted, asylum. In February 1993, Bahar was admitted to the United States as an alien lawfully admitted for permanent residence.

In 1998, Bahar was convicted in North Carolina state court for taking indecent liberties with a child. *See* N.C. Gen.Stat. 14–202.1. He was sentenced to fourteen to seventeen months in prison and to a term of thirty-six months of supervised probation.

In 1999, the INS charged that Bahar was subject to removal because he was convicted of an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(A) [sexual

* Honorable John R. Gibson, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

abuse of a minor]. Later in 1999, the INS filed additional charges against petitioner charging that he was subject to removal under § 1227(a)(2)(A)(iii)—as an aggravated felon [crime of violence]—and also pursuant to § 1227(a)(2)(A)(i) [convicted of a crime involving moral turpitude within five years after admission].

The Immigration Judge found Bahar removable as charged. Bahar appealed to the Board, who dismissed his appeal. Bahar now appeals the Board's dismissal.

## DISCUSSION

■ Before addressing the merits of Bahar's appeal, we must first decide whether we have jurisdiction to hear his petition. Section 242(a)(2)(C) of the INA, 8 U.S.C. § 1252(a)(2)(C), provides that this court has no jurisdiction to review the final order of removal if Bahar is removable by reason of having committed an aggravated felony. Because judicial review is limited by statutory conditions, we retain jurisdiction to determine only whether the conditions exist. *See Galindo–Del Valle v. Attorney General*, 213 F.3d 594, 598 (11th Cir.2000). We must, therefore, determine whether Bahar is (1) an alien (2) who is removable (3) based on a conviction for an aggravated felony. *See id.*

■ The sole issue before us is whether the Board erred in concluding that the North Carolina offense of taking indecent liberties with children constituted an aggravated felony—in this case, sexual abuse of a minor—pursuant to 8 U.S.C. § 1101(a)(43)(A). We review the Board's statutory interpretation de novo, but we will defer to the Board's interpretation if it is reasonable. *See Le v. United States Attorney General*, 196 F.3d 1352, 1353–54 (11th Cir.1999).

■ The record does not contain the underlying facts of Bahar's conviction;

likewise, the Immigration Judge made no factual findings about Bahar's conduct. Therefore, the crime defined by section 14–202.1 of the North Carolina General Statute qualifies as "sexual abuse of a minor" if the "full range of conduct" covered by the North Carolina statute falls within the meaning of the term. *See United States v. Baron–Medina*, 187 F.3d 1144, 1146 (9th Cir.1999).

Section 14–202.1(a)(1) provides:

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he:

(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire.

N.C. Gen.Stat. § 14–202.1.

Bahar argues that the North Carolina offense of taking indecent liberties with children does not always constitute "sexual abuse of a minor" because the statute does not require physical contact. Bahar urges us to adopt a definition of "sexual abuse of a minor" that is limited to "sexual intercourse, sexual relations or sexual contact with a minor."

■ Because no explicit statutory reference exists in 8 U.S.C. § 1101(a)(43)(A) defining "sexual abuse of a minor," we have recently concluded that Congress intended courts to rely on the plain meaning of the term "sexual abuse of a minor." *See United States v. Padilla–Reyes*, 247 F.3d 1158, 1160 (11th Cir.2001). The ordinary meaning of "sexual abuse of a minor" includes not only acts that involve physical contact between the perpetrator and the victim, but also acts that do not. *See id.* at 1163. Therefore, we reject Bahar's argument that "sexual abuse of a minor" requires some form of physical contact.

The Board has addressed the use of the term "sexual abuse of a minor" in 8 U.S.C. § 1101(a)(43)(A); see *In re Rodriguez–Rodriguez*, Interim Decision 3411 (BIA 1999). In *Rodriguez*, the Board concluded that indecency with a child by exposure under Texas law was an aggravated felony. The Board noted that the crime of indecency with a child by exposure required a high degree of mental culpability because, under the Texas law, the perpetrator must act both with the knowledge that he is exposing himself to the child and with the intent to gratify. The Board reviewed various sections of federal law using the term "sexual abuse of a minor" and found the degree of mental culpability useful in distinguishing the crime involved in *Rodriguez* from lesser crimes.

In this case, the Board, relying on *Rodriguez*, observed that the North Carolina statute required the same degree of mental culpability: the willful intent to arouse or gratify sexual desire. Because Bahar's conviction under the North Carolina statute required a high level of culpability, the Board concluded that Bahar's acts fell within the parameters of "sexual abuse of a minor" and qualified as an aggravated felony as defined in section 1101(a)(43)(A).

We cannot say that the Board's interpretation of section 1101(a)(43)(A) was unreasonable. Our recent decision in *Padilla–Reyes* also supports the Board's view. In *Padilla–Reyes*, we concluded that a conviction under section 800.04 of the Florida Code for lewd or lascivious conduct committed upon or in the presence of a minor constituted "sexual abuse of a minor," as defined by 8 U.S.C. § 1101(a)(43)(A). *See Padilla–Reyes*, 247 F.3d at 1163. When the defendant in *Padilla–Reyes* was convicted, section 800.04(3) provided that a person who "[k]nowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years without committing the crime of sexual battery is guilty of a felony of the second degree." Fla. Stat. § 800.04(3) (1987).

■ The North Carolina statute proscribing taking indecent liberties with children does not require materially different elements than the Florida statute in *Padilla–Reyes*. Both offenses require the victim to be under the age of 16. And, as we said in *Padilla–Reyes*, the word "sexual" in the phrase "sexual abuse of a minor" indicates that the perpetrator's intent in committing the abuse is to seek libidinal gratification. *See Padilla–Reyes*, 247 F.3d at 1163. "In other words, the phrase 'sexual abuse of a minor' means a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." *Id.* The North Carolina statute also requires this element of intent as evidenced in the phrases "willfully" and "for the purposes of arousing or gratifying sexual desire." N.C. Gen.Stat. § 14–201.1(a)(1).

■ To the extent that Bahar argues that "presence" with the minor is a required element under 8 U.S.C. § 1101(a)(43)(a), we do not decide that issue today; but we will assume, for argument's sake, that presence is required. We do note, however, that North Carolina has already said that presence is an implied element of section 14–202.1. *See State v. McClees*, 108 N.C.App. 648, 424 S.E.2d 687, 690 (1993). *McClees*, which is cited by Bahar, is not inconsistent with this conclusion. The court in *McClees* concluded that "constructive presence" satisfied the presence element required by section 14–202.1. *See id.* at 690. And we conclude that, if presence is a required element under 8 U.S.C. § 1101(a)(43)(a), a conviction under section 14–202.1 necessarily satisfies this requirement, whether the presence is actual or constructive.

For these reasons, we accept the Board's view that the term "sexual abuse of a minor" encompasses the North Carolina offense of taking indecent liberties with children; and we affirm the Board's decision. Concluding that Bahar was convicted of an aggravated felony as defined under 8 U.S.C. § 1101(a)(43)(A), we dismiss this petition for lack of jurisdiction.

DISMISSED.