**Paul MARANCA, Jr., Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 6, 2003.

Decided Aug. 15, 2003.

Kent D. Watkins, Saint Clair, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, LEAVITT, Judge, and MIRARCHI, JR., Senior Judge.

MIRARCHI, Senior Judge.

Paul Maranca, Jr. (Petitioner) petitions this Court to review an order of the Pennsylvania Board of Probation and Parole (Board) denying him administrative relief from the Board's order recommitting Petitioner to serve 24 months back time as a convicted parole violator. We affirm.

Petitioner was originally sentenced to fifteen years of imprisonment for his conviction of murder, and was paroled on July 8, 1993. On July 9, 2001, Petitioner was charged with sexual assault,[1] among other charges. The charges arose from an incident occurring the previous August where Petitioner engaged in forcible sexual intercourse with a twenty-nine year old woman without her consent and against her will. On June 5, 2002, a jury found Petitioner guilty of sexual assault, and he was thereafter sentenced to a term of three to six years of imprisonment.

The Board filed its warrant against Petitioner on September 11, 2001. After a revocation hearing was held on August 23, 2002, the Board recommitted Petitioner to a state correctional institution to serve twenty-four months back time as a convicted parole violator. In calculating its back-time sentence, the Board used the presumptive range of twelve to twenty-four months listed for the former crime of statutory rape, determining that this former crime, for which there is a presumptive range set forth in its regulations, most closely resembles the crime of sexual as-

---

1. Sexual assault is a felony of the second degree under Section 3124.1 of the Crimes Code, 18 Pa.C.S. § 3124.1.

sault, for which there is no presumptive range.

■ Petitioner filed an administrative appeal, which was denied, and this petition for review followed. This Court's scope of review of the Board's recommitment and recalculation order is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether the parolee's constitutional rights have been violated. *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131 (Pa.Cmwlth.1995).[2]

Petitioner argues that the Board erred by recommitting him in excess of the presumptive range for recommitment. He contends that the Board should have applied the regulatory presumptive range for indecent assault (twelve to eighteen months back time) as more accurately reflective of his conviction for sexual assault. His argument is that, although he was convicted of sexual assault, other charges against him, including rape and involuntary deviate sexual intercourse, were either dropped or resulted in acquittal. He contends that the former crime of statutory rape, used by the Board in calculating his back time, is more closely associated with the crimes of rape and involuntary deviate sexual intercourse than the crime of sexual assault. Petitioner does not elaborate further with his argument, other than to note that certain other second degree felonies carry a presumptive range of twelve to eighteen months under the Board's regulations.[3] Petitioner therefore argues that the Board should have calculated his back time within the presumptive range of twelve to eighteen months.[4]

The Board's regulation governing the application of its presumptive ranges to convicted parole violators is as follows:

**§ 75.1. Application of presumptive ranges to convicted parole violators.**
(a) Presumptive ranges of parole back-time to be served will be utilized if a parolee is convicted of a new criminal offense while on parole and the Board orders recommitment as a convicted parole violator after the appropriate revocation hearing.

(b) The presumptive ranges of parole backtime are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision.

(c) The Board may deviate from the presumptive range or determine that recommitment should not occur, provided written justification is given.

(d) The presumptive ranges are intended to directly relate to the severity of the crime for which the parolee has been convicted.

(e) The severity ranking of crimes listed in § 75.2 (relating to presumptive ranges for convicted parole violations) is

---

**2.** Also, the "capricious disregard" of evidence standard of review is now a component of appellate consideration in every administrative agency adjudication where the question is properly brought before the Court. *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002). Petitioner has not raised a capricious disregard of evidence issue in this case.

**3.** These include, according to Petitioner, criminal trespass, involuntary manslaughter,

unauthorized use of an automobile, forgery, and incest.

**4.** Petitioner also argues that the Board erred by indicating that he is not amenable to parole supervision. He alleges that he abided by all Board requests and reporting requirements, suggesting that he was something of a model parolee. Petitioner should be aware that his criminal act, *per se*, renders his argument ridiculous and only confirms the correctness of the Board's assessment.

not intended to be exhaustive, and the most closely related crime category in terms of severity and the presumptive range will be followed if the specific crime which resulted in conviction is not contained within the listing.

37 Pa.Code § 75.1.

Section 75.2 of the Board's regulations, 37 Pa.Code § 75.2, sets forth the presumptive ranges for crimes ranging from murder to corruption of minors. The former crime of statutory rape carries a presumptive range of eighteen to twenty-four months; indecent assault carries a presumptive range of twelve to eighteen months; rape (forcible) carries a presumptive range of thirty to forty-eight months; and involuntary deviate sexual intercourse carries a presumptive range of twenty-seven to forty months. Petitioner's argument that the former crime of statutory rape is closely related to the crimes of rape and involuntary deviate sexual intercourse, for purposes of calculating back time, is thus erroneous. The maximum penalty for the former crime of statutory rape does not even rise to the minimum penalty for the crimes of rape and involuntary deviate sexual intercourse. Moreover, rape and involuntary deviate sexual intercourse are felonies of the first degree, whereas sexual assault is a felony of the second degree.

Former Section 3122 of the Crimes Code[5] defined statutory rape as follows: "A person who is 18 years of age or older commits statutory rape, a felony of the second degree, when he engages in sexual intercourse with another person not his spouse who is less than 14 years of age."

Section 3124.1 of the Crimes Code defines sexual assault as follows: "Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent."

Section 3126 of the Crimes Code, 18 Pa.C.S. § 3126 defines indecent assault as follows:

(a) **Offense defined.**—A person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person is guilty of indecent assault if:

(1) the person does so without the complainant's consent;

(2) the person does so by forcible compulsion;

(3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(4) the complainant is unconscious or the person knows that the complainant is unaware that the indecent contact is occurring;

(5) the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance;

(6) the complainant suffers from a mental disability which renders him or her incapable of consent;

(7) the complainant is less than 13 years of age; or

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and

---

**5.** Formerly, 18 Pa.C.S. § 3122, repealed by Section 4 of the Act of March 31, 1995, P.L. 985.

the complainant and the person are not married to each other.

**(b) Grading.**—Indecent assault under subsection (a)(7) is a misdemeanor of the first degree. Otherwise, indecent assault is a misdemeanor of the second degree.

Section 3101 of the Crimes Code, 18 Pa.C.S. § 3101, defines indecent contact as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person."

██ Based on a review of the above statutory provisions, the Board did not err when it concluded that the crime of sexual assault is more closely related, in terms of severity, to the former crime of statutory rape than the crime of indecent assault. Sexual assault and the former crime of statutory rape are both felonies of the second degree, whereas indecent assault is a misdemeanor of the second degree unless the complainant is under thirteen years of age. Here, the victim of Petitioner's crime was twenty-nine years old. Further, both sexual assault and the former crime of statutory rape involve the act of nonconsensual intercourse. Indecent assault, by contrast, involves the less intrusive act of touching.

In *Mione v. Pennsylvania Board of Probation and Parole,* 709 A.2d 440 (Pa. Cmwlth.1998), the petitioner was convicted of a federal firearms statute set forth at 18 U.S.C. § 922(g). There is not, of course, a listing for this crime in the Board's regulation establishing presumptive ranges for Pennsylvania crimes. The Board determined that the most closely related crime set forth in its regulation was a "Violation of any Provision of the Pennsylvania Uniform Firearms Act" (UFA),[6] which offense carried a presumptive range of eighteen to twenty-four months. The petitioner argued that the Board erred by not applying the presumptive range of six to twelve months for the crime of "Possessing Instruments of Crime,"[7] which the petitioner argued was the more closely related crime to his federal firearms conviction. We held, however, that the Board did not err by applying the presumptive range for a violation of the UFA because that act, as well as the federal firearms statute, each prohibited any persons convicted of felonies from possessing a firearm, whereas the crime of possessing an instrument of crime applied to the broader category of all persons using any instrument of crime with the intent of employing it criminally.

In the present case, the crime of sexual assault and the former crime of statutory rape prohibit the specific act of nonconsensual intercourse, in contrast to indecent assault, which applies to a less specific and less serious offense against an individual. Moreover, both sexual assault and the former crime of statutory rape, as felonies of the second degree, are related in terms of their legislatively-determined severity. The crime of indecent assault is less severe by contrast. In fact, the crime of indecent assault is *patently* less serious than that of sexual assault. Thus, the Board did not err in calculating Petitioner's sentence of back time.

The Board's order is therefore affirmed.

### ORDER

AND NOW, this 15th day of August, 2003, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.

---

**6.** 18 Pa.C.S. § 6105.

**7.** 18 Pa.C.S. § 907(a).