[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 16, 2007
THOMAS K. KAHN
CLERK

--------------------------------------

No. 06-13347
Non-Argument Calendar

--------------------------------------

Agency No. A97-660-667

JOHN ALEXANDER BETANCUR-RICO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------

Petition for Review of a Decision of the
Board of Immigration Appeals

----------------------------------------------------------------

**(April 16, 2007)**

Before EDMONDSON, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

John Alexander Betancur-Rico ("Rico") petitions for review of the Board of

Immigration Appeals' ("BIA") order, adopting the Immigration Judge's ("IJ")

denial of his application for asylum and withholding of removal under the

Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c). We lack jurisdiction to hear Rico's asylum claim on appeal, and we find no reversible error on his other claims; we deny the petition.

Rico, a native and citizen of Colombia, attempted to enter the United States via Miami International Airport in September 2003 using a false Colombian passport and visa. When questioned, Rico admitted that the entry documents were false and asserted that he left Colombia because he feared that he would be killed by members of the United Self-Defense Forces of Colombia ("AUC"), a paramilitary group, for his failure to pay a war tax.

The Department of Homeland Security ("DHS") issued Rico a Notice to Appear ("NTA"), charging him with removability under INA § 212(a)(6)(C)(i), as an alien who procured a visa by fraud, and under INA § 212(a)(7)(A)(i)(I), as an alien who was not in possession of a valid immigrant visa at the time of admission. During a credible fear interview, Rico claimed that approximately 10 AUC members confronted him at his grandmother's farm, demanded that he pay five million pesos, and threatened to kill him if he failed to do so. Rico refused to pay and fled to the U.S. He stated that he feared that the AUC would kill him if he

returned to Colombia because the group would impute to him a political opinion –

namely, support of a competing guerrilla group, the Revolutionary Armed Forces

of Colombia ("FARC") – based on his refusal to pay the war tax.

In March 2004, Rico appeared before the IJ, conceding removability and

seeking asylum and withholding of removal. He reasserted his claims of past

persecution and fear of future persecution by the AUC. In his application, Rico

acknowledged that he had been arrested in New York for money laundering in

December 2003 and had pled guilty to the charge.

After a brief hearing, the IJ denied Rico's claims for relief and ordered

removal. The IJ found that Rico was ineligible for asylum under 8 U.S.C. §

1158(b)(2)(B)(i) because he had been convicted of an aggravated felony as

defined in 8 U.S.C. § 101(a)(43)(D) – money laundering in an amount of funds in

excess of $10,000. The IJ added that, even if Rico's prior conviction did not rise

to the level of an aggravated felony,[1] Rico had failed to carry his burden of proof

on his asylum or withholding of removal claims. Rico appealed the IJ's decision

---

[1] As the IJ noted, it is unclear from the record whether or not Rico was convicted of laundering an amount of funds in excess of $10,000. He was charged under both provisions of N.Y. Penal Law § 470.05 (McKinney 2000). Section 470.05-2 requires that the amount of property involved exceed $10,000, while section 470.05-1 only requires that the amount exceed $5,000. The certificate of disposition, which records Rico's guilty plea, only refers to section 470.05 in general; it does not reference a specific subsection. At the time of their arrest, Rico and his codefendant had approximately $15,000 between them, but Rico carried only $4,000 himself.

to the BIA, arguing that the IJ erred by failing to find that Rico had a well-founded fear of persecution. Rico did not challenge the IJ's denial of asylum based on the determination that Rico was an aggravated felon. The BIA affirmed the IJ's decision without an opinion, and Rico now petitions this Court for review of that order.

As a threshold matter, we must determine whether we have jurisdiction to consider Rico's petition. Bahar v. Ashcroft, 264 F.3d 1309, 1311 (11th Cir. 2001). We review questions of our subject-matter jurisdiction de novo. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). Because the IJ found that Rico was an aggravated felon and denied Rico's asylum claim on that basis,[2] we must consider whether the jurisdiction-stripping provision of section 242 of the INA, 8 U.S.C. § 1252, applies. Pursuant to section 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in . . . section [237] (a)(2)(A)(iii)." One such covered offense is an aggravated felony committed "any time after admission." INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). The issue here is whether the covered offense –

---

[2]In cases of summary affirmation of the IJ's decision, we review the IJ's decision as if it were the BIA's. INA § 242, 8 U.S.C. § 1252.

Rico's aggravated felony conviction – can serve as the basis for a denial of judicial review under section 242 when DHS did not seek removal on that basis.

We have previously held that the jurisdictional bar applies where the offense <u>covered</u> by and therefore triggering the bar was not the offense <u>charged</u> in the NTA, as long as the alien had notice of and an opportunity to be heard on the <u>covered</u> charge. See <u>Garcia v. U.S. Att'y Gen.</u>, 329 F.3d 1217, 1221-22 (11th Cir. 2003); <u>Fernandez-Bernal v. Att'y Gen.</u>, 257 F.3d 1304, 1310 (11th Cir. 2001). We decline to extend this rule to the instant case. In <u>Fernandez-Bernal</u> and <u>Garcia</u>, both the offense covered under section 242 and the offense for which DHS sought removal were based on the same conduct. But here, the conduct underlying the aggravated felony – money laundering – is <u>not</u> the same conduct underlying the basis for Rico's removal. Applying the jurisdictional bar in such a case raises due process concerns, as "the alien could conceivably be denied the chance to challenge the court's conclusion that he is 'removable by reason of having committed' the new offense." <u>Fernandez-Bernal</u>, 257 F.3d at 1310 n. 8; <u>see also</u> <u>Briseno v. INS</u>, 192 F.3d 1320, 1323 (9th Cir. 1999) ("[W]e do not read 'deportable by reason of having committed' an aggravated felony. . . as referring to felonies not charged at all in the Order to Show Cause." (internal citation omitted)); <u>Choeum v. INS</u>, 129 F.3d 29, 38 (1st Cir. 1997) ("It is . . . highly

5

doubtful that . . . Congress meant 'deportable by reason of' to mean, as the INS would have it, 'potentially susceptible to being deported by reason of . . . .'").[3]  We therefore find that section 242 does not bar our review of Rico's appeal.

Still, we lack jurisdiction to hear Rico's asylum claim.  Pursuant to 8 U.S.C. § 1252(d)(1), we may review a final order of removal "only if the alien has exhausted all administrative remedies available to the alien as of right."  This exhaustion requirement precludes review of a claim that was not presented to the BIA.  See Fernandez-Bernal, 257 F.3d at 1317 n.13.  Because Rico failed to challenge before the BIA the IJ's determination that Rico was ineligible for asylum based on his money laundering conviction, which the IJ found to be an aggravated felony under the INA, we lack jurisdiction to hear this argument on appeal.

We now turn to Rico's contentions that the IJ erred by denying his requests for withholding of removal under the INA and CAT.  Because the IJ's denial was based on factual findings that are "'supported by reasonable, substantial, and probative evidence on the record considered  as a whole,'" we must affirm the IJ's

---

[3]We note that the Fifth Circuit reached a different statutory interpretation in Lopez-Elias v. Reno, 209 F.3d 788, 793 (5th Cir. 2000), in which the court stated: "What the INS originally charged is of no consequence; so long as the alien in fact is removable for committing an aggravated felony, this court has no jurisdiction, irrespective of whether the INS originally sought removal for that reason."

order on these grounds.  <u>INS v. Elias-Zacarias</u>, 112 S.Ct. 812, 815 (1992) (quoting

8 U.S.C. § 1105(a)(4)).  Substantial evidence supports the IJ's denial of

withholding of removal under tie INA because Rico presented no specific

evidence showing that his refusal to pay the war tax related to a protected ground.

<u>See</u> 8 U.S.C. § 1231(b)(3)(A) (alien must show that his "life or freedom would be

threatened . . . because of [his] race, religion, nationality, membership in a

particular social group, or political opinion"); <u>see also</u> <u>Sanchez v. U.S. Att'y Gen.</u>,

392 F.3d 434, 438 (11th Cir. 2004) (refusal to cooperate with or financially

support guerillas is insufficient to show persecution on account of a political

opinion).

Substantial evidence also supports the IJ's finding that Rico is ineligible for

CAT relief because such relief is available only to those aliens who will be

tortured "by or at the instigation of or with the consent or acquiescence of a public

official or other person acting in an official capacity" upon return to their country.

8 C.F.R. § 208.18(a)(1).  Rico did not claim potential torture on the part of the

Colombian government or its agents, nor did he provide evidence that the

Colombian government has or will breach its legal responsibility to intervene in or

prevent the AUC's activities.  <u>See</u> <u>Reyes-Sanchez v. U.S. Att'y Gen.</u>, 369 F.3d

1239, 1242-43 (11th Cir. 2004).   In fact, the evidence indicates that the

Colombian government has taken steps to punish military personnel who collaborate with the AUC. Thus, Rico cannot qualify for CAT relief.

We conclude that Rico failed to exhaust his administrative remedies for the IJ's denial of asylum, precluding our jurisdiction on that issue, and that substantial evidence supports the IJ's denial of withholding of removal under the INA and CAT. Rico's petition for review is therefore

DENIED.