[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 10, 2008
THOMAS K. KAHN
CLERK

No. 07-14225
Non-Argument Calendar
_____

BIA No. A46-981-434

HENRY A. CANALES-MATAMOROS,

                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(July 10, 2008)**

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Henry Canales-Matamoros ("Matamoros"), a native of Honduras and a

lawful permanent resident of the United States, petitions this court for review of

the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") order of removal on the grounds that Matamoros had been convicted of an aggravated felony. Because the BIA correctly determined that the offense qualified as an aggravated felony, we lack jurisdiction to review the removal order. Accordingly, we deny the petition.

Matamoros arrived in the United States in 2000 and became a lawful permanent resident. In 2006, he was convicted in North Carolina of indecent liberties with a child, in violation of N.C. Gen. Stat. § 14-202.1.[1] As a result of this conviction, the Department of Homeland Security issued a notice to appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) on the grounds that his conviction qualified as an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(A).

At the removal hearing, Matamoros admitted the allegations, and the IJ found Matamoros removable. Matamoros then appealed to the BIA, arguing that under the categorical approach, the entire range of conduct prohibited by the statute must qualify as sexual abuse in order to constitute a removable offense. He

---

[1] Under N.C. Gen. Stat. § 14-202.1,
(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire.

2

explained that it was clear that the statute did not qualify because the North Carolina legislature enacted § 15A-1343(b2), which required courts to determine if an offense under § 14-202.1 constituted sexual abuse of a minor, and if every violation of § 14-202.1 qualified as sexual abuse, this second statute would be unnecessary.[2]  He also attempted to distinguish <u>Bahar v. U.S. Att'y Gen.</u>, 264 F.3d 1309 (11th Cir. 2001), in which this court held that the North Carolina statute under which Matamoros was convicted constituted an aggravated felony.  He then argued that the BIA was not bound by - and should overrule - the decision in <u>Matter of Rodriguez-Rodriguez</u>, Int. Dec. 3411 (1999) (discussing Texas law prohibiting indecency with a child by exposure) because the Texas statute differed from the North Carolina statute.  He urged the BIA to adopt a definition of sexual abuse consistent with that in the federal criminal code 18 U.S.C. § 2243.  Finally, he argued that the rule of lenity required the BIA to conclude the offense was not an aggravated felony.

The BIA affirmed the IJ's order of removal, concluding that it was bound by Eleventh Circuit precedent, and the plain language of the North Carolina statute confirmed that Matamoros's conviction qualified as an aggravated felony.

---

[2] Matamoros's argument is misplaced. Section 15A-1343 applies to conditions of probation. Subsection (b2) lists specific terms of probation for those convicted of sexual abuse of a minor. The statute does not require the court to make any specific finding about the conviction. Notably, however, the state court applied the same special conditions listed in this subsection to Matamoros.

Matamoros now petitions this court for review.

This court must inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking. <u>See</u> <u>Chacon-Botero v. U.S. Att'y Gen.</u>, 427 F.3d 954, 956 (11th Cir. 2005). Section 1252(a)(2)(C) provides that "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii)." 8 U.S.C. § 1252(a)(2)(C). However, "[n]othing in [§ 1252(a)(2)(C)] . . . shall be construed as precluding review of constitutional claims or questions of law." REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005) (codified at 8 U.S.C. § 1252(a)(2)(D)). In <u>Balogun v. U.S. Att'y Gen.</u>, 425 F.3d 1356, 1359-60 (11th Cir. 2005), this court determined that the question of whether a conviction qualified as an aggravated felony under a different immigration provision was a question of law within the court's jurisdiction. Accordingly, we have subject matter jurisdiction to review Matamoros's claims in his petition that his state conviction was not an aggravated felony for purposes of 8 U.S.C. § 1227(a)(2)(A)(iii). Our review is limited, however, to determining whether Matamoros is an alien who is removable by reason of having committed an aggravated felony. <u>Bahar</u>, 264 F.3d at 1311.

An alien who has been convicted of an aggravated felony is removable. 8

4

U.S.C. § 1227(a)(2)(A)(iii). Relevant to this case, aggravated felony is defined as, inter alia, sexual abuse of a minor. 8 U.S.C. § 1101(a)(43)(A).

Our conclusion is dictated by Bahar, in which this court considered the statute at issue here and determined that the crime defined by § 14-202.1 of the North Carolina General Statute qualified as "sexual abuse of a minor" if the "full range of conduct" covered by the statute fell within the meaning of the term. 264 F.3d at 1311. Relying on the plain meaning of the term "sexual abuse of a minor," this court concluded that the term "includes not only acts that involve physical contact between the perpetrator and the victim, but also acts that do not." Bahar, 264 F.3d at 1311. In reaching this decision, the court considered the BIA's decision in Rodriguez-Rodriguez and found the decision reasonable and thus entitled to deference. Id. at 1312.

As the government notes, we are bound by decisions of prior panels until overruled by this court sitting en banc or by the Supreme Court. United States v. King, 509 F.3d 1338, 1343 (11th Cir. 2007); Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998). Thus, Bahar controls, and the BIA properly determined that Matamoros was removable for having committed an aggravated felony. Moreover, the fact that Matamoros raises arguments not considered in the prior decision is irrelevant to the application of the prior panel rule. See, e.g., Saxton v. ACF Indus., 239 F.3d 1209, 1215 (11th Cir. 2001) (noting "that holding

5

[of the earlier panel] is the law of this Circuit regardless of what might have happened had other arguments been made to the panel that decided the issue first") (citation omitted).

Finally, although this court retains jurisdiction to consider constitutional questions such as Matamoros's due process claim, Matamoros is not entitled to relief. The BIA implicitly considered his argument that Rodriguez-Rodriguez should be overruled when it determined that it was bound by this court's decision in Bahar. Moreover, it appears that Matamoros only couches his allegations of error in constitutional language, but he does not raise genuine constitutional violations. As such, this court would lack jurisdiction to reach his issues. See Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1284 (11th Cir. 2007).

Because the BIA properly concluded that Matamoros was an alien who was removable by reason of having committed an aggravated felony, and we lack jurisdiction to review the removal order. Accordingly, we **DENY** the petition.