[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10345
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 28, 2008
THOMAS K. KAHN
CLERK

Agency No. A97-934-845

SILVITA PIERRE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 28, 2008)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Silvita Pierre, a native and citizen of Haiti, petitions for review of the Board

of Immigration Appeals's (BIA) denial of her motion to reopen removal

proceedings. Her motion was based on what she believed to be her eligibility for an

adjustment of status. She asserts error in the BIA's determination that the approval of her mother's I-130 petition on her behalf was automatically revoked when she chose to marry. She further argues that if the approval of the I-130 petition was revoked, she should be permitted to file a new petition that recaptures the priority date of the original petition.

I.

We review the BIA's denial of a motion to reopen for abuse of discretion, Scheerer v. U.S. Attorney Gen., 513 F.3d 1244, 1252 (11th Cir. 2008), which is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (per curiam). When the BIA's denial is based on a finding that the alien is statutorily ineligible for an adjustment of status, we review the decision for errors of law. Chan v. INS, 634 F.2d 248, 252 (5th Cir. Jan. 1981); see Scheerer, 513 F.3d at 1249, 1252. We review questions of law de novo, but we will defer to the BIA's interpretation of a statute if that interpretation is reasonable. Bahar v. Ashcroft, 264 F.3d 1309, 1311 (11th Cir. 2001) (per curiam); see Chevron U.S.A., Inc., v. Natural Resources Defense Council, 467 U.S. 837, 843-44 (1984).

A motion to reopen "shall state the new facts that would be proven at a [new] hearing," but "shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have

2

been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

Motions to reopen are disfavored, especially in removal proceedings, as "every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323 (1992). The BIA may deny a motion to reopen on at least three independent grounds, one of which is the movant's failure to establish a prima facie case of eligibility for relief. Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001). The moving party "bears a 'heavy burden,' and must 'present evidence of such a nature that the BIA is satisfied that if proceedings before the IJ were reopened, with all attendant delays, the new evidence offered would likely change the result in the case." Ali v. U.S. Attorney Gen., 443 F.3d 804, 813 (11th Cir. 2006) (per curiam) (quoting In re Coelho, 20 I. & N. Dec. 464, 473 (BIA 1992)) (alterations omitted).

The Attorney General may adjust an alien's status to that of a lawful permanent resident if the alien (1) applies for adjustment of status, (2) is eligible for a visa and admissible for permanent residence, and (3) has an immigrant visa immediately available to her at the time she files the application. 8 U.S.C. § 1255(a). An immigrant visa is considered immediately available when the alien has an approved visa petition that places the alien in a preference category, such as unmarried children of permanent residents, and a waiting list priority date that is earlier than the date in the State Department's most recent Visa Bulletin. See 8

C.F.R. § 1245.1(g)(1).

The Secretary of Homeland Security "may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under [8 U.S.C. §] 1154." 8 U.S.C. § 1155. Pursuant to this statute, the Department of Homeland Security (DHS) has promulgated enacting regulations that provide for both automatic revocations, see 8 C.F.R. § 205.1, and discretionary "revocations on notice," see id. § 205.2. Approval of an I-130 petition for the unmarried adult child of a lawful permanent resident is automatically revoked upon the marriage of that child, id. § 205.1(a)(3)(i)(I), if the marriage occurs after the approval is issued and "before the decision on [the beneficiary's] adjustment application becomes final," id. § 205.1(a)(3). The regulation is silent as to the consequences of a later dissolution of such marriage.

Pierre's mother, a lawful permanent resident, filed an I-130 petition on Pierre's behalf in 1997 and received notice of its approval in 2001. Pierre attempted to show that she was prima facie eligible for relief by offering the notice of approval as evidence that she had a visa immediately available to her. However, she also presented the BIA with her divorce judgment, which indicated she had married in 2005 and divorced in 2007. The BIA correctly concluded that her marriage had served to automatically revoke the I-130 petition. Because the regulations are silent as to the effect of divorce on this type of revocation, the BIA

4

did not act unreasonably when it concluded that Pierre's divorce effectively terminated her petition. The BIA therefore did not abuse its discretion in denying the motion to reopen on grounds that Pierre had failed to establish prima facie eligibility for adjustment of status.

## II.

Pierre did not raise with the BIA the issue of whether her mother can file a new I-130 petition that recaptures the priority date of the original. Thus, we do not address it. There is nothing precluding the filing of a new I-130 petition with the Attorney General or the Department of Homeland Security. See 8 U.S.C. § 1154.

For the foregoing reasons, we deny Pierre's petition for review with respect to the motion to reopen, and dismiss the petition with respect to the future I-130 filing.[1]

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

[1]Pierre also requests that we instruct the BIA on remand to rule on her "motion to change venue." Pierre implied, via a request in her motion to reopen, that venue should be changed, but she does not appear to have formally moved the BIA to that effect. Regardless, because we deny her petition for review, the request is moot.