[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 29, 2009
THOMAS K. KAHN
CLERK

No. 08-16038
Non-Argument Calendar
_____

Agency No. A091-398-685

GUY BRUNETTE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 29, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Guy Brunette, a native and citizen of Canada, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying him cancellation of removal. Brunette had been charged with removability based on a Florida

conviction for possession of cocaine, and the BIA found that Brunette was ineligible for cancellation of removal based on his 1984 Canadian conviction for possession of a narcotic for the purpose of trafficking. On appeal, Brunette argues that: (1) we have jurisdiction over his petition for review because he is raising a question of law regarding the interpretation of § 4(3) of the Canadian Narcotics Control Act; and (2) the BIA erred by finding that his admission was unlawful without analyzing the elements of the Canadian statute that he was convicted of violating. After careful review, we dismiss the petition in part, and deny it in part.

We review whether we have subject matter jurisdiction de novo. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). We review the BIA's legal determinations de novo. Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1195 (11th Cir. 2006). "[D]e novo review of the BIA's interpretation [of the statutes it administers] is informed by the principle of deference articulated in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2278, 81 L.Ed.2d 694 (1984)." Id. (quotation omitted); see Quinchia v. U.S. Att'y Gen., 552 F.3d 1255, 1258-59 (11th Cir. 2008) (holding Chevron deference is required for a precedential three-member decision of the BIA but is not appropriate for a non-precedential single-member decision that does not rely on existing BIA or federal court precedent). We review only the BIA's decision unless the BIA expressly adopts the immigration judge's opinion or reasoning. Savoury v. U.S.

2

Att'y Gen., 449 F.3d 1307, 1312 (11th Cir. 2006). The BIA did not expressly adopt the immigration judge's decision, so we review only the BIA's determination.

Turning to the jurisdictional question first, we agree with Brunette that we have jurisdiction to review the purely legal question that Brunette raised regarding his eligibility for cancellation of removal. We recognize that we generally do not have jurisdiction to review "any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii). Moreover, "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense." Id. § 1252(a)(2)(C). Notwithstanding limitations on jurisdiction contained in § 1252(a)(2)(B)-(C), we are not precluded from reviewing constitutional claims or questions of law raised in a petition for review. Id. § 1252(a)(2)(D); see Savoury, 449 F.3d at 1311-12 (holding that we have jurisdiction to review an alien's legal eligibility for relief under former INA § 212(c)).

Applying the case law here, we conclude that we have jurisdiction to review the legal question of Brunette's eligibility for cancellation of removal. See 8 U.S.C. § 1252(a)(2)(D); Savoury, 449 F.3d at 1311-12. Because Brunette is not

seeking review of the denial of discretionary relief by the Attorney General or the Secretary of Homeland Security or review of his removability based on his criminal conviction, the statute does not affect our jurisdiction to review Brunette's legal challenge.

Turning to the merits, we are unpersuaded by Brunette's claim that the BIA erred by finding him statutorily ineligible for cancellation of removal. An alien is deported if he is convicted of a controlled substance offense. 8 U.S.C. § 1227(a)(2)(B)(i). However, the Attorney General may cancel removal if an alien:

> (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
> (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
> (3) has not been convicted of any aggravated felony.

Id. § 1229b(a). In 1988, an alien who had "been convicted of a violation of . . . any law or regulation of . . . a foreign country relating to a controlled substance" was inadmissible. Id. § 1182(a)(23)(A) (1988). The fact that immigration officials erroneously admitted an alien who was legally inadmissible does not render the alien lawfully admitted. Savoury, 449 F.3d at 1313.

If a criminal statute covers some conduct that constitutes an immigration bar and some that does not, the statute is divisible. Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1354 (11th Cir. 2005). When the statute is divisible, "the fact of conviction and the statutory language alone are insufficient to establish" what

4

conduct an alien was convicted of committing. Id. at 1355. In those circumstances, the BIA is "permitted to look to the record of conviction to determine whether" the alien has committed an immigration violation. Id. In the absence of appropriate findings based on the underlying facts of conviction, the government must show that the full range of conduct covered by the pertinent statute falls within the relevant description. Bahar v. Ashcroft, 264 F.3d 1309, 1311 (11th Cir. 2001).

Under Canadian law, to possess "any narcotic for the purpose of trafficking" is a crime punishable by life imprisonment. R.S.C. 1985, c. N-1 § 4(2)-(3). Trafficking is defined as:

> (a) to manufacture, sell, give, administer, transport, send, deliver or distribute, or
> (b) to offer to do anything referred to in paragraph (a)

Id. at § 2. Under 8 U.S.C. § 1182(a)(23)(A) (1988), a Canadian drug conviction may render an alien inadmissible. Mullen-Cofee v. I.N.S., 976 F.2d 1375, 1379 (11th Cir. 1992). We lack jurisdiction over issues that an alien did not exhaust by arguing them to the BIA. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

Because Brunette's Canadian conviction rendered him inadmissible, his admission was unlawful. Savoury, 449 F.3d at 1313. The BIA correctly concluded that Brunette's unlawful admission showed that he was ineligible for

5

cancellation of removal because he did not have the required five-year period of lawful permanent residence. 8 U.S.C. § 1229b(a)(1).[1] As for Brunette's suggestion that the government has not shown he was removable, we lack jurisdiction over the issue because he did not exhaust it before the BIA. Amaya-Artunduaga, 463 F.3d at 1250. Accordingly, Brunette's petition for review is dismissed in part and denied in part.

**DISMISSED IN PART AND DENIED IN PART.**

---

[1] To the extent that Brunette argues that the prior conviction was waivable, the BIA did not commit an error of law by finding that his Canadian conviction, with a statutory maximum of life imprisonment, was a drug trafficking offense. Moreover, Brunette's claim that the BIA erred by failing to conduct divisibility analysis is without merit. When Brunette entered, immigration law rendered inadmissible all aliens who had foreign controlled-substance convictions. 8 U.S.C. § 1182(a)(23)(A) (1988). Even assuming that Brunette's conviction was not a trafficking offense, his conviction was "relat[ed] to a controlled substance." Id.; see Mullen-Cofee, 976 F.2d at 1379.

6