NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1567
_____

DEAN ANTONIO ROBINSON,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A037-334-480)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2011

Before: FUENTES, VANASKIE and NYGAARD, Circuit Judges

(Opinion filed: April 6, 2011)

_____

OPINION
_____

PER CURIAM

Dean Antonio Robinson petitions for review of the Board of Immigration

Appeals' ("BIA") final order of removal.  For the reasons that follow, we will deny the

petition.

I.

Robinson was admitted to the United States in 1982 as a lawful permanent resident. In 1992, he was convicted in the Court of Common Pleas in Dauphin County, Pennsylvania, of statutory rape, corruption of minors, and two counts of retail theft. In February 2009, Robinson was convicted by the Dauphin County Court of Common Pleas for theft from a motor vehicle. The Department of Homeland Security subsequently issued a Notice to Appear ("NTA") and sought to remove Robinson under 8 U.S.C. § 1227(a)(2)(A)(iii)—which makes an alien removable if he is convicted of an aggravated felony at any time after admission—and 8 U.S.C. § 1227(a)(2)(A)(ii)—which makes an alien removable if he is convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

At a hearing before an Immigration Judge ("IJ"), Robinson, represented by counsel, admitted the factual allegations in the NTA, but denied that he was removable. The IJ found Robinson removable due to an aggravated felony conviction, concluding that his statutory rape conviction "would qualify either as a rape conviction or probably more likely as a sexual abuse of a minor conviction[.]" The IJ also determined that Robinson's theft convictions were separate crimes involving moral turpitude, also making Robinson removable. Robinson sought relief from removal in the form of a waiver of inadmissibility under former INA § 212(c), 8 U.S.C. § 1182(c) (repealed), combined with cancellation of removal for lawful permanent residents under 8 U.S.C. § 1229b. The IJ held that Robinson could not obtain both a § 212(c) waiver and

2

cancellation of removal, and therefore was ineligible for relief from removal. Accordingly, Robinson was ordered removed to Jamaica.

On appeal to the BIA, Robinson argued that the IJ erred in concluding that his statutory rape conviction constituted the aggravated felony of rape. In the BIA's decision, rather than address the issue of whether the statutory rape conviction qualified as rape, it concluded that the statutory rape conviction constituted sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A). Accordingly, the BIA affirmed the IJ's decision that Robinson was removable for committing an aggravated felony. Robinson filed a timely petition for review, and now argues that his conviction for statutory rape does not constitute sexual abuse of a minor.

II.

We have jurisdiction over Robinson's petition for review pursuant to 8 U.S.C. § 1252(a). See Stubbs v. Att'y Gen. of the U.S., 452 F.3d 251, 253 n.4 (3d Cir. 2006). Although we do not have jurisdiction to review a final order of removal based on a finding that the alien committed an aggravated felony, 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1252(a)(2)(C), "we have always had jurisdiction to determine our own jurisdiction by engaging in an analysis of whether an alien was convicted of a non-reviewable aggravated felony." Stubbs, 452 F.3d at 253 n.4. We also have jurisdiction to review constitutional claims and questions of law, even when they are raised by an alien found removable for an aggravated felony conviction. See 8 U.S.C. § 1252(a)(2)(D); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). We review de novo the legal question of whether Robinson's offense is an aggravated felony. Stubbs, 452 F.3d

3

at 253 n.4. The term "aggravated felony" includes "murder, rape, or sexual abuse of a minor[.]" 8 U.S.C. § 1101(a)(43)(A).

Robinson argues that his conviction for statutory rape under 18 Pa. Cons. Stat. Ann. § 3122 (repealed 1995) does not qualify as sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A). We employ a "categorical approach" to determine whether a conviction constitutes sexual abuse of a minor, an approach that "requires a two step analysis: first, we must ascertain the definition for sexual abuse of a minor, and second, we must compare this 'federal' definition to the state statutory offense in question[.]" Restrepo v. Att'y Gen. of the U.S., 617 F.3d 787, 791 (3d Cir. 2010). Here, neither the federal enumerating statute, 8 U.S.C. § 1101(a)(43)(A), nor the state statute, 18 Pa. Cons. Stat. Ann. § 3122 (repealed 1995), "invite[s] further inquiry into the facts." Stubbs, 452 F.3d at 254; see Singh v. Ashcroft, 383 F.3d 144, 161-63 (3d Cir. 2004). Accordingly, under the categorical approach, we need not consider the facts underlying Robinson's conviction. See Singh, 383 F.3d at 147-48.

In Restrepo v. Attorney General of the United States, 617 F.3d at 796, we held that the phrase "sexual abuse of a minor" must be defined broadly through reference to 18 U.S.C. § 3509, which provides in part that "the term 'sexual abuse' includes the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in . . . sexually explicit conduct[.]" 18 U.S.C. § 3509(a)(8). The statute under which Robinson was convicted defined statutory rape as follows: "A person who is 18 years of age or older commits statutory rape, a felony of the second degree, when he engages in sexual intercourse with another person not his spouse who is less than 14 years of age."

4

18 Pa. Cons. Stat. Ann. § 3122 (repealed 1995); <u>Maranca v. Pa. Bd. of Prob. & Parole</u>, 830 A.2d 644, 647 (Pa. Commw. Ct. 2003) (quoting former § 3122).  There is no dispute that the Pennsylvania statute punishes a crime committed against a "child," because § 3509 defines a child as a person under the age of eighteen.  18 U.S.C. § 3509(a)(2).  There is also no question that the Pennsylvania statute encompasses "sexually explicit conduct," which is defined by § 3509 to include "sexual intercourse."  18 U.S.C. § 3509(a)(9)(A).

Robinson argues, however, that the words "employment, use, persuasion, inducement, enticement, or coercion" in § 3509 all imply manipulation to secure a child's consent to engage in sexual activities.  Under this reading, § 3509 only covers crimes where the defendant somehow manipulated the child.  Robinson further argues that statutory rape as defined in Pennsylvania does not require such manipulation.  Instead, it covers consensual acts of sex that involve no trace of manipulation.

We have not yet decided whether statutory rape under Pennsylvania law categorically constitutes sexual abuse of a minor in light of § 3509's definition.  The weight of authority from other circuits, however, dictates that statutory rape does qualify as sexual abuse of a minor.  In a case involving New York's statutory rape law, which is similar to Pennsylvania's,[1] the Second Circuit held that the conduct prohibited by the state statute involved "the employment, use, persuasion, inducement, enticement, or

---

[1] "'A person is guilty of rape in the third degree when: . . . [b]eing twenty-one years old or more, he or she engages in sexual intercourse with another person to whom the actor is not married less than seventeen years old[.]'" <u>Mugalli v. Ashcroft</u>, 258 F.3d 52, 60-61 (2d Cir. 2001) (quoting N.Y. Penal Law § 130.25 as it read when Mugalli was

coercion of a person under 18 to engage in sexual intercourse." Mugalli v. Ashcroft, 258 F.3d 52, 61 (2d Cir. 2001). Other circuits have also found similar or arguably less egregious behavior to constitute sexual abuse of a minor. See Gaiskov v. Holder, 567 F.3d 832, 836-37 (7th Cir. 2009) (holding that the crime of touching a minor with sexual intent constitutes sexual abuse of a minor); Gattem v. Gonzales, 412 F.3d 758, 765-67 (7th Cir. 2005) (holding that conviction for sexual solicitation, which did not require the defendant to physically touch the victim, qualified as a conviction for sexual abuse of a minor); Bahar v. Ashcroft, 264 F.3d 1309, 1310-13 (11th Cir. 2001) (per curiam) (holding that "taking indecent liberties" with a child under sixteen for sexual gratification constitutes sexual abuse of a minor, even without physical contact). But see Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1152-60 (9th Cir. 2008) (en banc) (holding that statutory rape does not qualify as sexual abuse of a minor, but doing so under a definition of sexual abuse of a minor guided by 18 U.S.C. § 2243).

We find this case law from our sister circuits persuasive. As the Second Circuit noted in Mugalli: "Central to the concept of 'statutory rape' is the notion that a person less than a certain age is legally incapable of giving consent and thus that statutory rape involves a sexual act committed by one partner 'against' the other." Mugalli, 258 F.3d at 59 n.6. This concept is also emphasized by Pennsylvania case law construing § 3122. See, e.g., Commonwealth v. Robinson, 438 A.2d 964, 966 (Pa. 1981) ("The primary consideration in prohibiting unlawful, consensual intercourse with an underage female

convicted).

6

has been traditionally attributed to the legislative desire to protect those who are too unsophisticated to protect themselves.") (internal citation omitted).[2]

As a result, even if, as Robinson argues, the words "employment, use, persuasion, inducement, enticement, or coercion" all imply manipulation,[3] it would not change the conclusion that statutory rape qualifies as sexual abuse of a minor. Because statutory rape necessarily involves a sexual act committed by the defendant against a child, it always involves some level of manipulation by the defendant. Accordingly, Robinson's arguments are unpersuasive, and we conclude that his conviction for statutory rape qualifies as the aggravated felony of sexual abuse of a minor.

Robinson also asserts that the BIA's analysis regarding why statutory rape constitutes sexual abuse of a minor was conclusory to the point of being inadequate for judicial review. As a general rule, "[i]n order for us to be able to give meaningful review to [a BIA] decision, we must have some insight into its reasoning." Awolesi v. Ashcroft, 341 F.3d 227, 232 (3d Cir. 2003). That does not mean, however, that a BIA decision is insufficient "merely because its discussion of certain issues could have been more detailed." Toussaint v. Att'y Gen. of the U.S., 455 F.3d 409, 414 (3d Cir. 2006) (internal

---

[2] Robinson argues that the categorical approach precludes us from considering the theoretical basis for statutory rape because the analysis must be confined strictly to the statutory elements of the offense. Although the categorical approach is restrictive in the sense that we may "not consider other evidence concerning the defendant's prior crimes, including, the particular facts underlying [a] conviction[,]" Singh, 383 F.3d at 147-48 (internal quotation marks and citation omitted), it does not prohibit us from considering the theoretical underpinnings of a statute.

[3] We note that the terms "employment" and "use" may not imply the sort of manipulation that Robinson refers to. Based on our above analysis, however, we need not definitively rule on the meaning of "use" or "employment" for the purposes of

7

quotation marks and citation omitted). Although the BIA's analysis in Robinson's case was brief, it made clear that, in the BIA's view, under the categorical approach the state law conviction for statutory rape constituted sexual abuse of a minor, and therefore an aggravated felony. Accordingly, the BIA decision was adequately developed for purposes of judicial review, and Robinson's argument fails.

Based on the above, the BIA correctly determined that Robinson's conviction for statutory rape qualifies as sexual abuse of a minor and thus made Robinson a removable alien based on an aggravated felony conviction.[4] In light of the above, we will deny Robinson's petition for review.

---

§ 3509.

[4] We note that Robinson does not challenge the denial of his requests for a §212(c) waiver and cancellation of removal. Before the BIA, Robinson argued that the IJ erred in denying a § 212(c) waiver by relying on an online docket sheet to establish Robinson's 2009 conviction for theft from a motor vehicle. The BIA held that the IJ did not err, because at his removal hearing Robinson, through counsel, admitted his 2009 conviction. Regardless of his argument before the BIA, Robinson failed to raise any challenge to the denial of his requests for relief in his petition for review before this Court. Accordingly, the issue is not before us.